# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT B. PADILLA and TINA M. PADILLA,**
as Co-Personal Representatives of the
**ESTATE OF ISAAC PADILLA**, Deceased,

      Plaintiffs,

vs.                                                    CIV 18-00102 BRB-KBM

**JOSHUA MORA**, in his individual capacity, and
**BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY** and **MANUEL
GONZALES**, in his individual and official capacities
as **BERNALILLO COUNTY SHERIFF**,

      Defendants.

## COUNTY DEFENDANTS' ANSWER
## TO FIRST AMENDED COMPLAINT FOR
## CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Defendants, Joshua Mora, Board of County Commissioners of Bernalillo County, and

Manuel Gonzales (*hereinafter* referred to as "County Defendants"), through their attorneys Robles,

Rael & Anaya, P.C. (Luis Robles and Nicholas S. Autio), state the following for their Answer to

First Amended Complaint for Civil Rights Violations, Tort Claims, and Damages:

### JURISDICTION AND VENUE

1.      With regard to paragraph 1 of Plaintiffs Robert B. Padilla's and Tina M. Padilla's

First Amended Complaint for Civil Rights Violations, Tort Claims, and Damages ("the Estate's

Amended Complaint"), County Defendants admit the allegations made in paragraph 1.

## PARTIES

2.      With regard to paragraph 2 of the Estate's Amended Complaint, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 2 of the Estate's Amended Complaint and, therefore, deny these allegations.

3.      With regard to paragraph 3 of the Estate's Amended Complaint, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of the Estate's Amended Complaint and, therefore, deny these allegations.

4.      With regard to paragraph 4 of the Estate's Amended Complaint, County Defendants admit the allegations made regarding Defendant Joshua Mora ("Deputy Mora") only.   County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Estate's Amended Complaint regarding other unnamed deputies and, therefore, deny these allegations.

5.      With regard to paragraph 5 of the Estate's Amended Complaint, County Defendants admit that "Manuel Gonzales is the Sheriff of Bernalillo County, New Mexico and served in that capacity during the time period relevant to the complaint," "Defendant Gonzales was acting under color of state law within the scope of his employment," and that Defendant Gonzales is the final policy maker for the Bernalillo County Sheriff's Office.   With regard to the remaining allegations in paragraph 5 of the Estate's Amended Complaint, County Defendants deny these allegations.

6.      With regard to paragraph 6 of the Estate's Amended Complaint, County Defendants admit "Defendant Board of County Commissioners of Bernalillo County is a governmental entity located in Bernalillo County, New Mexico that employed [] Defendant Mora."  With regard to the

2

remaining allegations in paragraph 6 of the Estate's Amended Complaint, County Defendants deny these allegations.

7.      County Defendants admit the allegations made in paragraph 7 of the Estate's Amended Complaint.

## FACTUAL BASIS

8.      County Defendants admit the allegations made in paragraph 8 of the Estate's Amended Complaint.

9.      County Defendants admit the allegations made in paragraph 9 of the Estate's Amended Complaint.

10.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 10 of the Estate's Amended Complaint and, therefore, deny these allegations.

11.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of the Estate's Amended Complaint and, therefore, deny these allegations.

12.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the Estate's Amended Complaint and, therefore, deny these allegations.

13.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Estate's Amended Complaint and, therefore, deny these allegations.

14.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the Estate's Amended Complaint and, therefore, deny these allegations.

15.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of the Estate's Amended Complaint and, therefore, deny these allegations.

16.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of the Estate's Amended Complaint and, therefore, deny these allegations.

17.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 17 of the Estate's Amended Complaint and, therefore, deny these allegations.

18.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of the Estate's Amended Complaint and, therefore, deny these allegations.

19.     County Defendants deny the allegations made in paragraph 19 of the Estate's Amended Complaint.

20.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of the Estate's Amended Complaint and, therefore, deny these allegations.

21.     County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 21 of the Estate's Amended Complaint and, therefore, deny these allegations.

22.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Estate's Amended Complaint and, therefore, deny these allegations.

23.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 23 of the Estate's Amended Complaint and, therefore, deny these allegations.

24.     County Defendants deny the allegations made in paragraph 24 of the Estate's Amended Complaint.

25.     County Defendants admit the allegations made in paragraph 25 of the Estate's Amended Complaint.

26.     County Defendants admit the allegations made in paragraph 26 of the Estate's Amended Complaint.

27.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 27 of the Estate's Amended Complaint and, therefore, deny these allegations.

28.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 28 of the Estate's Amended Complaint and, therefore, deny these allegations.

29.     County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 29 of the Estate's Amended Complaint and, therefore, deny these allegations.

30.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 30 of the Estate's Amended Complaint and, therefore, deny these allegations.

31.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 31 of the Estate's Amended Complaint and, therefore, deny these allegations.

32.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 32 of the Estate's Amended Complaint and, therefore, deny these allegations.

33.     With regard to paragraph 33 of the Estate's Amended Complaint, County Defendants admit that "[Starchase] was not used during the vehicle pursuit at issue in the present case in November 2017." With regard to the remaining allegations made in paragraph 33 of the Estate's Amended Complaint, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

34.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 34 of the Estate's Amended Complaint and, therefore, deny these allegations.

35.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of the Estate's Amended Complaint

and, therefore, deny these allegations.

36.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the Estate's Amended Complaint and, therefore, deny these allegations.

37.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 37 of the Estate's Amended Complaint and, therefore, deny these allegations.

38.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 38 of the Estate's Amended Complaint and, therefore, deny these allegations.

39.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 39 of the Estate's Amended Complaint and, therefore, deny these allegations.

40.     With regard to paragraph 40 of the Estate's Amended Complaint, County Defendants admit that "Defendant Gonzales has stated on multiple occasions that he does not intend to implement a BWC program for the Bernalillo County Sheriff's Department, and he had not done so at the time of the shooting at issue in this First Amended Complaint."  With regard to the remaining allegations made in paragraph 40 of the Estate's Amended Complaint, County Defendants deny those remaining allegations.

41.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 41 of the Estate's Amended Complaint

and, therefore, deny these allegations.

42.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 42 of the Estate's Amended Complaint and, therefore, deny these allegations.

43.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 43 of the Estate's Amended Complaint and, therefore, deny these allegations.

## DEFENDANTS' DELIBERATE INDIFFERENCE
## TO LAW ENFORCEMENT REFORM EFFORTS

44.     County Defendants deny the allegations made in paragraph 44 of the Estate's Amended Complaint.

45.     County Defendants deny the allegations made in paragraph 45 of the Estate's Amended Complaint.

46.     With regard to paragraph 46 of the Estate's Amended Complaint, County Defendants admit that "[d]uring the pendency of the Vera litigation and in the months leading up to the shooting at issue in the present case, the number of officer-involved shootings by Bernalillo County sheriff's deputies increased significantly, including at least nine officer-involved shootings in 2017 alone." With regard to the remaining allegations made in paragraph 46 of the Estate's Amended Complaint, County Defendants deny those remaining allegations.

47.     County Defendants deny the allegations made in paragraph 47 of the Estate's Amended Complaint.

48.     County Defendants deny the allegations made in paragraph 48 of the Estate's Amended Complaint.

49.     County Defendants deny the allegations made in paragraph 49 of the Estate's Amended Complaint.

50.     County Defendants deny the allegations made in paragraph 50 of the Estate's Amended Complaint.

51.     County Defendants deny the allegations made in paragraph 51 of the Estate's Amended Complaint.

52.     County Defendants deny the allegations made in paragraph 52 of the Estate's Amended Complaint.

53.     County Defendants deny the allegations made in paragraph 53 of the Estate's Amended Complaint.

54.     County Defendants deny the allegations made in paragraph 54 of the Estate's Amended Complaint.

55.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 55 of the Estate's Amended Complaint and, therefore, deny these allegations.

**DEFICIENCIES IN THE HIRING, TRAINING, AND SUPERVISION OF DEFENDANT JOSHUA MORA AS A BERNALILLO COUNTY SHERIFF'S DEPUTY**

56.     County Defendants deny the allegations made in paragraph 56 of the Estate's Amended Complaint.

57.     County Defendants admit the allegations made in paragraph 57 of the Estate's Amended Complaint.

58.     County Defendants deny the allegations made in paragraph 58 of the Estate's Amended Complaint.

59.     With regard to paragraph 59 of the Estate's Amended Complaint, County Defendants admit that "[a]fter Defendant Gonzales became Bernalillo County Sheriff and appointed Rudy Mora as his Undersheriff, Defendant Joshua Mora reapplied to become a Bernalillo County sheriff's deputy, and he was accepted into the Bernalillo County Sheriff's Department training academy." With regard to the remaining allegations made in paragraph 59 of the Estate's Amended Complaint, County Defendants deny those remaining allegations.

60.     With regard to paragraph 60 of the Estate's Amended Complaint, County Defendants admit that "[t]he hiring, academy training, field training, and appointment of Defendant Joshua Mora as a Bernalillo County sheriff's deputy was conducted under policies and customs promulgated, ratified, approved, and implemented by Defendant Gonzales, who had personal responsibility for their continued operation." With regard to the remaining allegations made in paragraph 60 of the Estate's Amended Complaint, County Defendants deny those remaining allegations.

61.     County Defendants deny the allegations made in paragraph 61 of the Estate's Amended Complaint.

62.     County Defendants deny the allegations made in paragraph 62 of the Estate's Amended Complaint.

63.     County Defendants deny the allegations made in paragraph 63 of the Estate's Amended Complaint.

64.     County Defendants deny the allegations made in paragraph 64 of the Estate's Amended Complaint.

65.     County Defendants deny the allegations made in paragraph 65 of the Estate's Amended Complaint.

66.     County Defendants deny the allegations made in paragraph 66 of the Estate's Amended Complaint.

67.     County Defendants deny the allegations made in paragraph 67 of the Estate's Amended Complaint.

### THE VEHICLE PURSUIT AND USE OF DEADLY FORCE
### AGAINST ISAAC PADILLA ON OR ABOUT NOVEMBER 17, 2017

68.     County Defendants deny the allegations made in paragraph 68 of the Estate's Amended Complaint.

69.     County Defendants admit the allegations made in paragraph 69 of the Estate's Amended Complaint.

70.     With regard to the allegations made in paragraph 70 of the Estate's Amended Complaint, County Defendants admit that APD officers first identified the white Dodge pickup truck as the subject of a criminal investigation. County Defendants deny that Isaac Padilla was simply "traveling" in the white Dodge pickup truck. County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph

70 of the Estate's Amended Complaint and, therefore, deny these allegations.

71.   With regard to paragraph 71 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 71 of the Estate's Amended Complaint. To the extent that paragraph 71 of the Estate's Amended Complaint alleges facts, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 71 of the Estate's Amended Complaint and, therefore, deny these allegations.

72.   With regard to paragraph 72 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 72 of the Estate's Amended Complaint. To the extent that paragraph 72 of the Estate's Amended Complaint alleges facts, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 72 of the Estate's Amended Complaint and, therefore, deny these allegations.

73.   County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 73 of the Estate's Amended Complaint and, therefore, deny these allegations.

74.   With regard to the allegations made in paragraph 74 of the Estate's Amended Complaint, County Defendants admit that when APD officers and the Metro One helicopter began tracking it from the gas station at San Mateo Boulevard and Indian School Road, the white Dodge

pickup truck returned to its original location at that gas station. County Defendants also admit that APD officers had already detained a previous occupant of the vehicle who had exited to visit the gas station at that location earlier. County Defendants deny the remaining allegations made in paragraph 74 of the Estate's Amended Complaint.

75.     With regard to the allegations made in paragraph 75 of the Estate's Amended Complaint, County Defendants admit that one occupant of the Dodge pickup truck exited. County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 75 of the Estate's Amended Complaint and, therefore, deny these allegations.

76.     County Defendants deny the allegations made in paragraph 76 of the Estate's Amended Complaint.

77.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 77 of the Estate's Amended Complaint and, therefore, deny these allegations.

78.     County Defendants deny the allegations made in paragraph 78 of the Estate's Amended Complaint.

79.     County Defendants deny the allegations made in paragraph 79 of the Estate's Amended Complaint.

80.     With regard to paragraph 80 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 80 of the Estate's Amended

Complaint. To the extent that paragraph 80 alleges facts, County Defendants admit that Deputies engaged in a series of Pursuit Intervention Techniques. County Defendants deny all remaining allegations in paragraph 80 of the Estate's Amended Complaint.

81.     With regard to the allegations in paragraph 81 of the Estate's Amended Complaint, County Defendants admit that other Bernalillo County Sheriff's Deputies converged on the intersection of Coors Boulevard and Glenrio Road. County Defendants also admit that Deputies attempted to block the white Dodge pickup truck's path with their Sheriff's Department vehicles. County Defendants also admit that Deputy Mora parked and exited his unit. Lastly, County Defendants admit that Deputy Joshua Mora did draw his firearm and discharged it approximately seven (7) times into the driver's side window, shooting Isaac Padilla while he was seated in the driver's seat and Martin Jim who was seated in the rear passenger seat, which resulted in the death of Mr. Padilla and Mr. Jim. County Defendants' deny the remaining allegations made in paragraph 81 of the Estate's Amended Complaint.

82.     With regard to paragraph 82 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 82 of the Estate's Amended Complaint. To the extent that paragraph 82 alleges facts, County Defendants deny the allegations made in paragraph 82 of the Estate's Amended Complaint.

83.     County Defendants deny the allegations made in paragraph 83 of the Estate's Amended Complaint.

84.     County Defendants deny the allegations made in paragraph 84 of the Estate's Amended Complaint.

85.     County Defendants deny the allegations made in paragraph 85 of the Estate's Amended Complaint.

86.     County Defendants deny the allegations made in paragraph 86 of the Estate's Amended Complaint.

87.     With regard to the allegations made in paragraph 87 of the Estate's Amended Complaint, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of Plaintiffs allegation that neither Isaac Padilla nor any other person who occupied the white Dodge pickup truck at or beside the intersection of Coors Boulevard and Glenrio Road had displayed or brandished a firearm, other handheld weapons, or an item resembling a firearm or handheld weapon and, therefore, deny these allegations. County Defendants deny the remaining allegations in paragraph 87 of the Estate's Amended Complaint.

88.     With regard to the allegations made in paragraph 88 of .the Estate's Amended Complaint, County Defendants deny the Estate's allegation that Isaac Padilla was not actively resisting arrest or attempting to evade arrest by flight at the time of the shooting. County Defendants admit that Mr. Padilla's hand was manipulating the floor-mounted gearshift and his foot was depressing the clutch pedal in the seconds before he was shot. County Defendants deny that Mr. Padilla was manipulating the white Dodge pickup truck's manual transmission so that the vehicle's engine would not engage the gears. County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 88 of the

15

Estate's Amended Complaint and, therefore, deny these allegations.

89.    County Defendants deny the allegations made in paragraph 89 of the Estate's Amended Complaint.

90.    County Defendants deny the allegations made in paragraph 90 of the Estate's Amended Complaint.

91.    County Defendants deny the allegations made in paragraph 91 of the Estate's Amended Complaint.

92.    With regard to the allegations made in paragraph 92 of the Estate's Amended Complaint, County Defendants have neither knowledge nor information sufficient to form a belief as to the facial expressions of the vehicle's occupants immediately prior to the shooting and, therefore, deny these allegations. County Defendants also have neither knowledge nor information sufficient to form a belief as to whether the vehicle's other occupants made threatening statements or threatening gestures toward Defendants Mora or other deputies at the scene and, therefore, deny these allegations. County Defendants deny the remaining allegations made in paragraph 92 of the Estate's Amended Complaint.

93.    With regard to the allegations made in paragraph 93 of the Estate's Amended Complaint, County Defendants' admit that Mr. Padilla depressed the vehicle's clutch pedal and shifted the vehicle's floor mounted gearshift. County Defendants have neither knowledge nor information sufficient to form a belief as to whether the gunshot wound to Mr. Padilla's head caused the immediate loss of all his motor skills and, therefore, deny that allegation. County Defendants admit that the white Dodge pickup truck moved backward into an open, unpaved field. County

Defendants deny the remaining allegations made in paragraph 93 of the Estate's Amended Complaint.

94.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 94 of the Estate's Amended Complaint and, therefore, deny these allegations.

95.     County Defendants deny the allegations made in paragraph 95 of the Estate's Amended Complaint.

96.     With regard to the allegations made in paragraph 96 of the Estate's Amended Complaint, County Defendants deny that County Defendants withheld or delayed disclosure of public records collected during the multi-agency task force investigation of the officer-involved shooting of Isaac Padilla. County Defendants also deny that there are irregularities and departures from professional standards which occurred or continue to occur during the course of the multi-agency task force investigation of the shooting. County Defendants admit that Detective James Frederickson's report contains the language attributed to that report in paragraph 96 of the Estate's Amended Complaint. County Defendants' deny the remaining allegations in paragraph 96 of the Estate's Complaint.

## COUNT I:
### DEFENDANT MORA'S EXCESSIVE USE OF FORCE IN VIOLATION OF MR. PADILLA'S FOURTH AMENDMENT RIGHTS AND 42 U.S.C. § 1983

97.     County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 97 of the Estate's Amended Complaint.

98.     With regard to paragraph 98 of the Estate's Amended Complaint, County Defendants

17

affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 98 of the Estate's Amended Complaint.  To the extent that paragraph 98 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

99.     County Defendants admit the allegations made in paragraph 99 of the Estate's Amended Complaint.

100.    With regard to paragraph 100 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 100 of the Estate's Amended Complaint.  To the extent that paragraph 100 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

101.    With regard to paragraph 101 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 101 of the Estate's Amended Complaint.  To the extent that paragraph 101 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

102.    With regard to paragraph 102 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 102 of the Estate's Amended Complaint.  To the extent that paragraph 102 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

**COUNT II:**
**STATE TORT CLAIM FOR WRONGFUL DEATH**
**BY BATTERY AGAINST DEFENDANT MORA**

103.     County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 103 of the Estate's Amended Complaint.

104.     With regard to paragraph 104 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 104 of the Estate's Amended Complaint.  To the extent that paragraph 104 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

105.     With regard to paragraph 105 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 105 of the Estate's Amended Complaint.  To the extent that paragraph 105 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

106.     With regard to paragraph 106 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 106 of the Estate's Amended Complaint.  To the extent that paragraph 106 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

### COUNT III:
### STATE TORT CLAIM FOR WRONGFUL DEATH
### BY NEGLIGENCE AGAINST DEFENDANT MORA

107.   County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 107 of the Estate's Amended Complaint.

108.   With regard to paragraph 107 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 107 of the Estate's Amended Complaint.  To the extent that paragraph 107 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

109.   With regard to paragraph 109 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 109 of the Estate's Amended Complaint.  To the extent that paragraph 109 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

### COUNT IV:
### STATE TORT CLAIMS FOR
### WRONGFUL DEATH AGAINST DEFENDANT GONZALES

110.   County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 110 of the Estate's Amended Complaint.

111.   With regard to paragraph 111 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 111 of the Estate's

Amended Complaint.  To the extent that paragraph 111 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

112.    With regard to paragraph 112 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 112 of the Estate's Amended Complaint.  To the extent that paragraph 112 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

113.    With regard to paragraph 113 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 113 of the Estate's Amended Complaint.  To the extent that paragraph 113 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

**COUNT V:**
**MUNICIPAL LIABILITY OF**
**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY**
**UNDER THE FOURTH AMENDMENT AND 42 U.S.C. § 1983**

114.    County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 114 of the Estate's Amended Complaint.

115.    County Defendants admit the allegations made in paragraph 115 of the Estate's Amended Complaint.

116.    With regard to paragraph 116 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to

21

answer or otherwise respond to the legal conclusions alleged in paragraph 116 of the Estate's Amended Complaint. To the extent that paragraph 116 of the Estate's Amended Complaint alleges facts, County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of these allegations.

117.    With regard to paragraph 117 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 117 of the Estate's Amended Complaint. To the extent that paragraph 117 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

118.    With regard to paragraph 118 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 118 of the Estate's Amended Complaint. To the extent that paragraph 118 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

119.    With regard to paragraph 119 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 119 of the Estate's Amended Complaint. To the extent that paragraph 119 of the Estate's Amended Complaint alleges facts, Defendants deny these allegations.

120.    With regard to paragraph 120 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to

answer or otherwise respond to the legal conclusions alleged in paragraph 120 of the Estate's Amended Complaint.  To the extent that paragraph 120 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

**COUNT VI:**
**SUPERVISORY LIABILITY OF**
**DEFENDANT GONZALES IN HIS INDIVIDUAL CAPACITY**
**UNDER THE FOURTH AMENDMENT AND 42 U.S.C. § 1983**

121.    County Defendants reallege all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 121 of the Estate's Amended Complaint.

122.    With regard to paragraph 122 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 122 of the Estate's Amended Complaint.  To the extent that paragraph 122 of the Estate's Amended Complaint alleges facts, County Defendants admits these allegations.

123.    With regard to paragraph 123 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 123 of the Estate's Amended Complaint.  To the extent that paragraph 123 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

124.    With regard to paragraph 124 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 124 of the Estate's

Amended Complaint.  To the extent that paragraph 124 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

125.    With regard to paragraph 125 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 125 of the Estate's Amended Complaint.  To the extent that paragraph 125 of the Estate's Amended Complaint alleges facts, County Defendants deny these allegations.

126.    County Defendants hereby deny each and every allegation not specifically admitted in their Answer, including any allegations made in the Estate's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in the Estate's Amended Complaint constitute a violation of Decedent Isaac Padilla's constitutional or statutory rights by any Defendant.

### Second Affirmative Defense

Defendant Mora's and Defendant Gonzales' actions in this case were objectively reasonable under the circumstances and did not violate any of Isaac Padilla's clearly established constitutional rights, thereby entitling Defendant Mora and Defendant Gonzales to qualified immunity.

### Third Affirmative Defense

The Estate's Amended Complaint seeks to impose duties on Defendants that are not required by law.

### Fourth Affirmative Defense

The Estate has alleged a number of causes of action which fail to state a claim for which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

### Fifth Affirmative Defense

Certain of the Estate's claims are barred or limited by the provisions of the New Mexico Tort Claims Act.

### Sixth Affirmative Defense

Under 42 U.S.C. § 1983, punitive damages are not recoverable against the County or against any individual Defendant in his or her official capacity.

### Seventh Affirmative Defense

Under the New Mexico Tort Claims Act, punitive damages are not recoverable against any Defendant.

### Eighth Affirmative Defense

Isaac Padilla's injuries, if any, were proximately caused by an independent intervening cause for which County Defendants are not liable.

### Ninth Affirmative Defense

The sole and proximate cause of any damages to Isaac Padilla, if any exist, were his own intentional and/or negligent acts, and his damages, if any, must be reduced proportionately.

### Tenth Affirmative Defense

If Isaac Padilla incurred any damages, which is expressly denied, Mr. Padilla failed to mitigate his damages.

**Eleventh Affirmative Defense**

County Defendants reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

**JURY DEMAND**

County Defendants demand a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, County Defendants respectfully request that this Court dismiss the Estate's Amended Complaint for Civil Rights Violations, Tort Claims, and Damages with prejudice, award County Defendants their attorneys' fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.


By:      /s/ Luis Robles
         Luis Robles
         Nicholas S. Autio
         Attorneys for County Defendants
         500 Marquette Ave., NW, Suite 700
         Albuquerque, New Mexico  87102
         (505) 242-2228
         (505) 242-1106 (facsimile)
         luis@roblesrael.com
         nick@roblesrael.com

I hereby certify that the foregoing was
electronically served through the CM/ECF
system on this   3rd   day of September 2018 to:

Paul J. Kennedy
Jessica M. Hernandez
Arne R. Leonard
Elizabeth A. Harrison
Kennedy, Hernandez & Associates, P.C.
201 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-8662
pkennedy@kennedyhernandez.com
jhernandez@kennedyhernandez.com
aleonard@kennedyhernandez.com
eharrison@kennedyhernandez.com

Nicole W. Moss
The Law Office of Nicole W. Moss, LLC
201 Twelfth Street NW
Albuquerque, NM 87102
(505) 244-0950 (telephone)
nicole@nicolemosslaw.com


 /s/ Luis Robles
Luis Robles