IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT B. PADILLA and TINA M. PADILLA,
as Co-Personal Representatives of the
ESTATE OF ISAAC PADILLA, Deceased,

    Plaintiffs,

vs.                                                                                 CIV 18-00102 BRB-KBM

JOSHUA MORA, in his individual capacity, and
BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY and MANUEL
GONZALES, in his individual and official capacities
as BERNALILLO COUNTY SHERIFF,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court on the County Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of County Defendants' Motion for Summary Judgment (*Doc. 56*), filed November 5, 2018. Having reviewed the parties' submissions and all pertinent authority, the Court determines that a reply brief is unnecessary for its ruling. Because the Court finds Defendants' Motion to Stay has merit, discovery will be stayed pending a ruling on the on Defendants' pending motion for summary judgment.

        Plaintiffs, as the personal representatives of the estate of Isaac Padilla, bring this action for damages pursuant to 42 U.S.C. § 1983 for alleged violations of decedent's constitutional rights in connection with a November 17, 2017 vehicle chase between Mr. Padilla and Bernalillo County Sheriffs that resulted in Mr. Padilla's death. Defendants

1

have countered with a motion for summary judgment *(Doc. 54)* in which Defendant Mora asserts he is entitled to qualified immunity. Defendants have now filed the instant motion to stay discovery until the Court issues a decision on the motion for summary judgment.

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

Indeed, reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009). The Court concludes that long-standing law establishes that generally Defendants are entitled to a qualified immunity determination before undertaking the burdens of discovery and litigation.

Plaintiffs nonetheless maintain that the Court should not stay discovery. Plaintiffs' Amended Complaint alleges six claims against the named defendants, including three state law claims and three Section 1983 claims: excessive force against Defendant Mora, municipal liability against Defendant Board of County Commissioners of Bernalillo County, and supervisory liability against Defendant Gonzales. In the Motion for Summary Judgment, only Defendant Mora asserts entitlement to qualified immunity and Plaintiffs agree, in theory, that discovery should be stayed as to the Section 1983 claim against Defendant Mora. However, Plaintiffs further assert that because qualified immunity is not a defense to Plaintiffs' other claims and because all of Plaintiffs' claims involve the same facts and witnesses, the Court should allow continuing discovery on all claims. The Court disagrees. While only Defendant Mora is asserting qualified immunity, *Iqbal* holds that all discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685.

Thus, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination). Additionally, the Court sees no reasons to allow the previously

scheduled depositions, as Plaintiffs request, because it is permissible for a defendant to raise qualified immunity at various stages of litigation, including after the commencement of discovery. *See Tenorio v. Pitzer*, No. CIV 12-1295 MCA/KBM, 2013 WL 12178001, at *2-3 (D.N.M. July 27, 2013) (rejecting the plaintiff's argument that the defendants raised qualified immunity immediately before their expert deadline to obtain a tactical advantage and explaining that "once a defendant files a dispositive motion asserting qualified immunity, a court must generally stay discovery.") The tactical advantage, as alleged by Plaintiffs, which Defendants may have gained from waiting to raise qualified immunity also "benefitted Plaintiff[s] in that it allowed [them] an opportunity to obtain much of [their] desired discovery." *Id.* at *3.

If, however, Plaintiffs believe that certain additional discovery on the issue of qualified immunity is necessary in order for them to adequately respond to the pending summary judgment motion, the Federal Rules of Civil Procedure do provide an avenue for such limited additional discovery. Such discovery will not be permitted unless Plaintiffs identify in an affidavit specific discovery it deems necessary and demonstrate how that discovery will assist them in overcoming Defendants' prima facie showings. *See* Fed. R. Civ. P. 56(d).

Wherefore,

**IT IS HEREBY ORDERED** that the County Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of County Defendant' Motion for Summary Judgment (*Doc. 56*) is **granted**.

**IT IS FURTHER ORDERED** that discovery in this matter is stayed pending resolution of County Defendants' Motion for Summary Judgment (*Doc. 54*).

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Compel (*Doc. 51*) is **denied** at this time and can be refiled, if desired, after the stay of discovery is lifted.

Entered for the Court
this 21st day of November 2018

_____
Bobby R. Baldock
United State Circuit Judge
Sitting By Designation